# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LUIS ESTRADA and
YAUMARA PEREZ,
    Plaintiffs,

vs.                                            CASE NO. 8:14-cv-01588-EAK-EAJ

AMERICAN SECURITY
INSURANCE COMPANY,
    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS
## COUNT II OF THE COMPLAINT

This cause is before the Court on Defendant's Motion to Dismiss Count II of Plaintiffs' complaint, filed June 30, 2014. (Dkt. 12). Plaintiffs responded in opposition on November 14, 2014. (Dkt. 16). For the reasons set forth below, the Defendant's Motion is **GRANTED**.

## FACTS

Plaintiffs, Luis Estrada and Yaumara Perez, owned residential property located at 8909 Rosebank Court, Tampa, in Hillsborough County, Florida 33615-5710 ("Insured Property"), (Dkt. 1). The Insured Property is insured by Defendant under a lender-placed insurance policy, Policy No. 09HOC1205187558.

On or about April 5, 2010, the Insured Property sustained damage as a result of covered sinkhole activity (Dkt. 1). Plaintiff reported the damage to the Defendant, and, in response, Defendant retained Central Florida Testing Laboratories, Inc. ("CFTL"), a geotechnical engineering company, to conduct a geotechnical investigation at the Insured Property (Dkt. 12). At the end of its investigation, CFTL verified the presence of sinkhole activity and concluded

that sinkhole activity could not be excluded as a contributing cause of damage at the Insured Property and recommended a proposal for subsurface repairs (Dkt. 12). Defendant adopted CFTL's findings and accepted coverage under the insurance policy (Dkt. 12).

Upon receipt of the Defendant's engineering recommendations, Plaintiffs retained their own appropriate experts, who determined that the repairs recommended by the Defendant's engineers were insufficient to stabilize the land and repair the foundation.

On June 30, 2014, Plaintiffs filed the underlying suit in the United States District Court, Middle District of Florida, Tampa Division. There are two counts in Plaintiffs' Complaint. Count I alleges a breach of contract. Count II requests declaratory action. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007). The Supreme Court has held that: "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the claim does not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on the face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). When considering a motion to dismiss, the Court must accept all of plaintiffs' allegations as true in

determining whether the plaintiffs have stated a claim for which relief could be granted. Hishon v. King & Spalding, 467U.S. 69, 73 (1984).

## DISCUSSION

Plaintiffs bring two claims against the Defendant in this Complaint. Count I is for a breach of contract. Count II is for declaratory relief. Defendant only seeks dismissal of Count II of the Complaint, on the grounds that the Complaint fails to set forth the existence of a real or immediate controversy regarding an uncertainty or doubt as to the rights and obligations of the parties to support a claim for declaratory relief. (Dkt. 12). According to the Defendant, the essence of the claims in the Complaint are that the defendant failed to pay the entire benefit owed under the subject insurance policy, and Count II is completely devoid of any issue related to an interpretation of a provision of the subject insurance policy or the construction of rights or other relations between the parties. (Dkt. 12). As such, the Defendant argues that the Complaint in Count II fails to state a claim for declaratory judgment on which relief can be granted. Defendant also argues that Count II is subsumed by the breach of contract claim as alleged in Count I, and, therefore, fails to state a claim for declaratory judgment on which relief can be granted. (Dkt. 12).

This court has previously noted that Florida's Declaratory Judgment Act is a "procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights." Hansen v. American Sec. Ins. Co., 2012 WL 4795645 (M.D. Fla. 2012) (quoting Liotto v. Hartford Ins. Co. of the Midwest, 2012 WL 646257 (M.D. Fla. 2012)); Strubel v. Hartford Ins. Co. of the Midwest, 2010 WL 745646 (M.D. Fla. 2010). Florida's procedural rules are inapplicable in this diversity action. See generally Erie R.R. Co. v.

Tompkins, 304 U.S. 64 (1938). Therefore, Plaintiffs' claim for declaratory relief is controlled by the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

Claims for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, may be issued only in the case of an "actual controversy." Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985). The question is "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Oil Co., 312 U.S. 270, 273 (1941). At a minimum, a claim for declaratory judgment must be supported by allegations from which a substantial continuing controversy may reasonably be inferred. Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1347 (11th Cir. 1999).

This Court finds that Count II for declaratory relief fails to allege any real or immediate controversy. The Complaint fails to allege any ambiguity amongst the subject insurance policy or state how the Plaintiffs were uncertain of their rights and responsibilities. Therefore the Plaintiffs failed to set forth the existence of a real or immediate controversy.

Furthermore, this Court finds that Count II for declaratory relief is superfluous to the breach of contract claim in Count I of the Complaint. Count II for declaratory relief stems from the same set of facts as the breach of contract claim. The essence of the complaint is that Defendant breached the subject insurance policy by failing to pay for all the Plaintiffs' covered loss under the Policy. This Court has held that if the essences of both counts are the same, and the same allegations are made in each count, then the allegation is duplicitous and should be dismissed. Salazar v. American Sec. Ins. Co., 2014 WL 978405 (M.D. Fla. 2014). The Plaintiffs state in their request for declaratory judgment that they would like the court to declare that the

remediation plan proposed by the Defendant's engineers were inadequate and that the their own engineers' remediation plan is the correct one required to stabilize the land and repair the foundation. In Plaintiffs' allegation of breach of contract, Plaintiffs allege that Defendant has failed to pay amounts necessary to begin the subsurface work, repair the building, and underestimating and undervaluing what is necessary to repair the property. Plaintiff's allegation of breach of contract is in essence the same as determining whether Plaintiffs or Defendant has the adequate and proper remedial plan. The relief sought from the declaratory judgment is the same asked for in the breach of contract allegation, that of how much payment is needed to repair the house and cover damages to Plaintiff. Therefore, Plaintiff's request for declaratory judgment is duplicative and is dismissed.

**ORDERED** that Defendant's Motion to Dismiss Count II be **GRANTED** and the Count be dismissed from this cause of action.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 24th day of March, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record